# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
vs. ) Case No. CR-13-44-D
) CIV-14-637-D
HILTON KING WIGGINS, JR., )
)
Defendant. )

## **O R D E R**

Before the Court is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 35], to which the United States has responded [Doc. No. 38]. The matter is fully briefed and at issue.

A grand jury returned a one-count Indictment against Defendant [Doc. No. 1], charging him with the offense of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Defendant subsequently entered a guilty plea [Doc. No. 18]. The Presentence Report ("PSR") concluded Defendant's total offense level was 27 with a criminal history category of III. Based on the foregoing, the guideline imprisonment range was 87 to 108 months. Defendant was sentenced to 87 months imprisonment, the low end of the advisory guideline range [Doc. No. 30].

Defendant contends his trial counsel's performance fell below the "objective standard of reasonableness" announced in *Strickland v. Washington*, 466 U.S. 668

(1984), in that counsel failed to object to certain level enhancements,[1] which Defendant contends were elements of the charged offense in light of the Supreme Court's decision in *Alleyne v. United States*, __ U.S. __, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

To prevail on an ineffective assistance of counsel claim, Defendant must show that "his attorney's performance 'fell below an objective standard of reasonableness' and that the unreasonably deficient performance resulted in prejudice." *Lucero v. Kerby*, 133 F.3d 1299, 1323 (10th Cir.1998) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 691–92 (1984)). Prejudice exists where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. (quoting *Strickland*, 466 U.S. at 694). Failure to satisfy either prong is fatal to the claim, and the court need not reach the performance issue if the defendant suffered no prejudice from the alleged ineffectiveness. *Id.* ("If we determine petitioner has failed to prove prejudice, we need not determine whether counsel's performance was constitutionally deficient.") (citing *Strickland*, 466 U.S. at 697); *Young v. Sirmons*, 486 F.3d 655, 675 (10th Cir. 2007).

The Court need not decide whether counsel was constitutionally ineffective in

---

[1] The enhancements at issue in the PSR were (1) the offense involved five firearms, (2) one handgun had a removed serial number, and (3) Defendant possessed the firearms in connection with the possession of heroin with intent to distribute.

failing to object to the enhancements at issue, because Defendant has failed to prove he was prejudiced by such omission, such that there was a reasonable probability of a different outcome. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In *Alleyne*, the Supreme Court held that any fact, other than a prior conviction, that increases the mandatory minimum sentence for a crime is an "element" of the criminal offense that must be proven beyond a reasonable doubt by submission to the jury. *Alleyne*, 133 S.Ct. at 2160, 2163.

Defendant's *Alleyne* claim fails as a matter of law because he was not subject to any statutory mandatory minimum, as evidenced in 18 U.S.C. § 924(a)(2)("Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be fined as provided in this title, *imprisoned not more than 10 years*, or both.") (emphasis added). Although Defendant's offense level was increased based on the aforementioned conduct, the increase in his offense level did not make him subject to a statutory mandatory minimum term of imprisonment, as was addressed in *Alleyne*. The *Alleyne* Court stated that its holding did not disturb judicial fact-finding at sentencing for facts that do not impact the statutory punishment. *Alleyne*, 133 S.Ct. at 2161 n. 2.

Here, the enhancements Defendant challenges only affected the advisory

3

guideline calculations and not any statutory mandatory minimum punishment. Therefore, Defendant is not entitled to relief under *Alleyne*. *See United States v. Cassius*, 777 F.3d 1093, 1097-98 (10th Cir. 2015) (*Alleyne* does not apply to facts or enhancements that increase only the advisory guidelines range under the Sentencing Guidelines); *United States v. Baum*, 542 F. App'x 724, 727 (10th Cir. 2013) (unpublished) ("[Defendant] nonetheless contends that the government was required to prove the number of images beyond a reasonable doubt because the enhancement increased his advisory Guidelines range. Yet *Alleyne* addressed '[a]ny fact that, by law, increases the penalty for a crime' and specifically noted that the case 'does not mean that any fact that influences judicial discretion must be found by a jury.' . . . The district court thus did not err in applying an enhancement based on the number of images.").

Accordingly, for the reasons stated herein, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 35] is **DENIED**. A Judgment shall be entered accordingly.

IT IS SO ORDERED this 19th day of November, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE